RIKER DANZIG SCHERER HYLAND & PERRETTI LLP
Glenn A. Clark, Esq. (GC-4543)
Joseph L. Schwartz, Esq. (JS-5525)
Kevin J. Larner, Esq. (KL-8627)
Headquarters Plaza, One Speedwell Ave.
Morristown, NJ 07962
(973) 538-0800

*Attorneys for Defendants, Gunster, Yoakley & Stewart, P.A. and David M. Wells*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>MICROBILT CORPORATION, *et al.*,<br><br>Debtors. | Chapter 11 (Jointly Administered)<br><br>Case No. 11-18143 (MBK) |
| MICROBILT CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>CHEX SYSTEMS, INC., GUNSTER, YOAKLEY & STEWART, P.A. and DAVID M. WELLS,<br><br>Defendants. | Adv. Pro. No. 12-01177 (MBK) |

**ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT**

Defendant Gunster, Yoakley & Stewart, P.A. ("Gunster") and defendant David M. Wells ("Wells" and collectively with Gunster, the "Gunster Defendants"), by and through their undersigned counsel, file this answer to MicroBilt Corporation's ("MicroBilt" or "Plaintiff") Adversary Complaint.

## AS TO THE PARTIES

1. The Gunster Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny the same.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

## AS TO JURISDICTION AND VENUE

6. Denied.

7. The Gunster Defendants deny that this is a core proceeding. Further, and without admitting any of the averments contained in paragraph 7, the Gunster Defendants state that, to the extent the within action is determined to be a non-core proceeding, the Gunster Defendants do not consent to the entry of final orders and judgment by this Court.

8. The Gunster Defendants deny the allegations in this paragraph. Venue is only proper in the State of Florida.

9. The Gunster Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny the same. Further, and without admitting any of the averments contained in paragraph 9, the Gunster Defendants state that, to the extent the within action is determined to be a non-core proceeding, the Gunster Defendants do not consent to the entry of final orders and judgment by this Court.

## AS TO FACTS COMMON TO ALL COUNTS

10. Denied.

11. This paragraph states legal conclusions, therefore no response is required and none is given. To the extent a response is deemed required, the Gunster Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny the same.

12. This paragraph states legal conclusions, therefore no response is required and none is given. To the extent a response is deemed required, the Gunster Defendants deny the allegations in this paragraph, except to admit that defendant Chex Systems, Inc. ("Chex") has supplied certain information to many resellers, including MicroBilt.

13. Admitted in part, denied in part. It is admitted only that Chex and MicroBilt were parties to a Services Resale Agreement, as amended, which speaks for itself. The remaining allegations are denied as conclusions of law.

14. Admitted in part, denied in part. It is admitted that MicroBilt initiated a lawsuit against Chex relating to the Services Resale Agreement. The remaining allegations are denied.

15. Admitted.

16. Admitted in part, denied in part. It is admitted that Chex and MicroBilt entered into an Information Resale Agreement, which speaks for itself. The remaining allegations are denied as conclusions of law.

17. This paragraph refers to a written document, which speaks for itself and to which no responsive pleading is required. The Gunster Defendants further deny any mischaracterizations of that written document and leave Plaintiff to its proofs.

18. This paragraph refers to a written document, which speaks for itself and to which no responsive pleading is required. The Gunster Defendants further deny any mischaracterizations of that written document and leave Plaintiff to its proofs.

19. This paragraph refers to a written document, which speaks for itself and to which no responsive pleading is required. The Gunster Defendants further deny any mischaracterizations of that written document and leave Plaintiff to its proofs.

20. Denied.

21. Denied.

22. Admitted in part, denied in part. It is admitted that Chex and MicroBilt entered into an amendment to the Information Resale Agreement, which speaks for itself. The remaining allegations are denied as conclusions of law.

23. The Gunster Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny the same.

24. The Gunster Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny the same.

25. The Gunster Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny the same.

26. The Gunster Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny the same.

27. The Gunster Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny the same.

28. The Gunster Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny the same.

29. Denied.

30. The Gunster Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny the same.

31. The Gunster Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny the same.

32. Admitted.

33. The Gunster Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny the same.

34. Denied.

35. Admitted in part and denied in part. It is admitted only that in a November 10, 2011 Order which speaks for itself, the Honorable Virginia M. Hernandez Covington transferred certain claims to this Court. The Gunster Defendants deny any mischaracterizations of that written document and leave Plaintiff to its proofs.

36. Denied.

37. Denied.

38. The Gunster Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny the same.

39. The Gunster Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny the same.

40. The Gunster Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore deny the same.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

## AS TO COUNT I

46. The Gunster Defendants' responses to the prior paragraphs of the Complaint are incorporated by reference as if fully set forth herein.

47. This paragraph does not assert any factual allegations against the Gunster Defendants and therefore no response is required and no response is given. To the extent a response is deemed required, the Gunster Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

48. This paragraph does not assert any factual allegations against the Gunster Defendants and therefore no response is required and no response is given. To the extent a response is deemed required, the Gunster Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

49. This paragraph does not assert any factual allegations against the Gunster Defendants and therefore no response is required and no response is given. To the extent a response is deemed required, the Gunster Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

50. This paragraph does not assert any factual allegations against the Gunster Defendants and therefore no response is required and no response is given. To the extent a response is deemed required, the Gunster Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

**WHEREFORE**, the Gunster Defendants pray for judgment against Plaintiff dismissing Plaintiff's Complaint and each and every purported cause of action alleged therein, and awarding the Gunster Defendants their fees, costs, interests, disbursements and such other and/or further relief as is appropriate and equitable.

## AS TO COUNT II

51. The Gunster Defendants' responses to the prior paragraphs of the Complaint are incorporated by reference as if fully set forth herein.

52. This paragraph does not assert any factual allegations against the Gunster Defendants and therefore no response is required and no response is given. To the extent a response is deemed required, the Gunster Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

53. This paragraph does not assert any factual allegations against the Gunster Defendants and therefore no response is required and no response is given. To the extent a response is deemed required, the Gunster Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

54. This paragraph does not assert any factual allegations against the Gunster Defendants and therefore no response is required and no response is given. To the extent a response is deemed required, the Gunster Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

55. This paragraph does not assert any factual allegations against the Gunster Defendants and therefore no response is required and no response is given. To the extent a response is deemed required, the Gunster Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

**WHEREFORE**, the Gunster Defendants pray for judgment against Plaintiff dismissing Plaintiff's Complaint and each and every purported cause of action alleged therein, and awarding the Gunster Defendants their fees, costs, interests, disbursements and such other and/or further relief as is appropriate and equitable.

## AS TO COUNT III

56.     The Gunster Defendants' responses to the prior paragraph of the Complaint are incorporated by referenced as if fully set forth herein.

57.     This paragraph does not assert any factual allegations against the Gunster Defendants and therefore no response is required and no response is given.  To the extent a response is deemed required, the Gunster Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

58.     This paragraph does not assert any factual allegations against the Gunster Defendants and therefore no response is required and no response is given.  To the extent a response is deemed required, the Gunster Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

59.     This paragraph does not assert any factual allegations against the Gunster Defendants and therefore no response is required and no response is given.  To the extent a response is deemed required, the Gunster Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

60.     This paragraph does not assert any factual allegations against the Gunster Defendants and therefore no response is required and no response is given.  To the extent a response is deemed required, the Gunster Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

**WHEREFORE**, the Gunster Defendants pray for judgment against Plaintiff dismissing Plaintiff's Complaint and each and every purported cause of action alleged therein and awarding the Gunster Defendants their costs, fees, interests, disbursements and such other and/or further relief as is appropriate and equitable.

## AS TO COUNT IV

61. The Gunster Defendants' responses to the prior paragraph of the Complaint are incorporated by reference as if fully set forth herein.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

**WHEREFORE**, the Gunster Defendants pray for judgment against Plaintiff dismissing Plaintiff's Complaint and each and every purported cause of action alleged therein and awarding the Gunster Defendants their costs, fees, interests, disbursements and such other and/or further relief as is appropriate and equitable.

## AS TO COUNT V

70. The Gunster Defendants' responses to the prior paragraphs of the Complaint are incorporated by referenced as if fully set forth herein.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

**WHEREFORE**, the Gunster Defendants pray for judgment against Plaintiff dismissing Plaintiff's Complaint and each and every purported cause of action alleged therein and awarding the Gunster Defendants their costs, fees, interests, disbursements and such other and/or further relief as is appropriate and equitable.

## AS TO COUNT VI

79. The Gunster Defendants' responses to the prior paragraphs of the Complaint are incorporated by referenced as if fully set forth herein.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

**WHEREFORE**, the Gunster Defendants pray for judgment against Plaintiff dismissing Plaintiff's Complaint and each and every purported cause of action alleged therein

Case 12-01177-MBK    Doc 12    Filed 07/17/12    Entered 07/17/12 17:03:39    Desc Main
Document    Page 11 of 16

and awarding the Gunster Defendants their costs, fees, interests, disbursements and such other and/or further relief as is appropriate and equitable.

## AS TO COUNT VII

86. The Gunster Defendants' responses to the prior paragraphs of the Complaint are incorporated by reference as if fully set forth herein.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

**WHEREFORE**, the Gunster Defendants pray for judgment against Plaintiff dismissing Plaintiff's Complaint and each and every purported cause of action alleged therein and awarding the Gunster Defendants their costs, fees, interests, disbursements and such other and/or further relief as is appropriate and equitable.

## AS TO COUNT VIII

93. The Gunster Defendants' responses to the prior paragraphs of the Complaint are incorporated by referenced as if fully set forth herein.

94. Denied.

95. Denied.

96. Denied.

97. (a) & (b) Denied.

98. Denied.

11

**WHEREFORE,** the Gunster Defendants pray for judgment against Plaintiff dismissing Plaintiff's Complaint and each and every purported cause of action alleged therein and awarding the Gunster Defendants their costs, fees, interests, disbursements and such other and/or further relief as is appropriate and equitable.

## AS TO COUNT IX

99. The Gunster Defendants' responses to the prior paragraphs of the Complaint are incorporated by reference as if fully set forth herein.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. (a), (b) & (c) Denied.

105. Denied.

**WHEREFORE,** the Gunster Defendants pray for judgment against Plaintiff dismissing Plaintiff's Complaint and each and every purported cause of action alleged therein, and awarding the Gunster Defendants their fees, costs, interests, disbursements and such other and/or further relief as is appropriate and equitable.

## AS TO COUNT X

106. The Gunster Defendants' responses to the prior paragraphs of the Complaint are incorporated by reference as if fully set forth herein.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

**WHEREFORE,** the Gunster Defendants pray for judgment against Plaintiff dismissing Plaintiff's Complaint and each and every purported cause of action alleged therein, and awarding the Gunster Defendants their fees, costs, interests, disbursements and such other and/or further relief as is appropriate and equitable.

## AS TO COUNT XI

114. The Gunster Defendants' responses to the prior paragraphs of the Complaint are incorporated by reference as if fully set forth herein.

115. Admitted.

116. Admitted.

117. Denied.

118. Denied.

**WHEREFORE,** the Gunster Defendants pray for judgment against Plaintiff dismissing Plaintiff's Complaint and each and every purported cause of action alleged therein, and awarding the Gunster Defendants their fees, costs, interests, disbursements and such other and/or further relief as is appropriate and equitable.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims against the Gunster Defendants must be dismissed, in whole or in part, on the grounds that all of the actions of the Gunster Defendants that Plaintiff complained of occurred during the course of a judicial proceeding and were related to the

proceeding, and therefore the Gunster Defendants are protected by the litigation privilege / litigation immunity privilege, i.e., the absolute immunity afforded to any act occurring during the course of a judicial proceeding that has some relation to the proceeding.

2. Plaintiff's claims must be dismissed, in whole or in part, because the Gunster Defendants have not committed any acts for which they could be liable under Florida's Uniform Trade Secret Act, i.e., the Gunster Defendants have not misappropriated any of Plaintiff's proprietary, confidential information or a trade secret of Plaintiff.

3. The claims and defenses in this action are governed in whole or in part by Florida and/or other foreign law.

4. Plaintiff's Complaint fails to state a claim for which relief can be granted.

5. Plaintiff's Complaint fails to state sufficient facts to support a claim for which relief can be granted.

6. Plaintiff's Complaint fails to allege facts sufficient to entitle Plaintiff to an award of punitive damages against the Gunster Defendants.

7. Plaintiff's claims must be dismissed, in whole or in part, because the Gunster Defendants have not intentionally or unintentionally tortiously interfered with Plaintiff's existing or prospective contractual relations.

8. Plaintiff's claims must be dismissed, in whole or in part, because the Gunster Defendants have not intentionally or unintentionally disclosed Plaintiff's alleged proprietary and confidential information.

9. Plaintiff's claims must be dismissed, in whole or in part, based on Plaintiff's own failure to preserve or protect its allegedly proprietary and confidential information.

10. Plaintiff's claims for relief are barred in whole or in part by Plaintiff's failure to mitigate its alleged damages.

11. Plaintiff's alleged damages are limited by the doctrine of unclean hands and/or *in pari delicto.*

12. Plaintiff's claims are barred, in whole or in part, because any injuries allegedly sustained by Plaintiff were the result of its own conduct or the intervening or superseding conduct of third parties.

13. Plaintiff's claims are barred, in whole or in part, because any acts, conduct and/or omissions of the Gunster Defendants were committed with legal justification or excuse.

14. The actions complained of occurred as a result of the negligence of Plaintiff or other third parties and any recovery sought is limited by the contributory negligence of Plaintiff or such other third parties.

15. Plaintiff's Complaint fails to allege facts sufficient to entitle Plaintiff to an award of attorneys' fees and costs against the Gunster Defendants.

16. The Complaint fails to plead with sufficiency to justify the need for the extraordinary relief sought in the Complaint.

17. The Complaint is barred, in whole or in part, by the statute of frauds.

18. The Complaint is barred, in whole or in part, by the applicable statute of limitations and/or the doctrine of laches.

19. The Complaint is barred, in whole or in part, by the doctrines of waiver and/or estoppel.

20. At all times relevant and material hereto, the Gunster Defendants acted in good faith, without malice towards Plaintiff, and for legitimate business reasons.

21. The acts, omissions, and/or statements of the Gunster Defendants were, at all material times, reasonable, lawful, justified and/or privileged under the circumstances.

22. The Complaint is barred, in whole or in part, by *res judicata* and law of the case.

23. The Gunster Defendants adopt and incorporate by reference any affirmative or other defenses asserted by any other defendant to this action to the extent such defense applies to the Gunster Defendants and, further, give notice that they reserve the right to amend their Answer to assert additional affirmative defenses as may be revealed in discovery or otherwise.

**WHEREFORE,** the Gunster Defendants pray for judgment against Plaintiff dismissing Plaintiff's Complaint and each and every purported cause of action alleged therein, and awarding the Gunster Defendants their fees, costs, interests, disbursements and such other and/or further relief as is appropriate and equitable.

RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP

Dated: July 17, 2012

By: /s/ Joseph L. Schwartz
Glenn A. Clark, Esq. (GC-4543)
Joseph L. Schwartz, Esq. (JS-5525)
Kevin J. Larner, Esq. (KL-8627)
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962-1981
Telephone: 973-538-0800

*Attorneys for Defendants Gunster, Yoakley & Stewart, P.A. and David M. Wells*

4238709v2