UNITED STATES BANKRUPTCY
COURT DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)

Bruce H. Nagel, Esq.
Robert H. Solomon, Esq.
Greg M. Kohn, Esq.
NAGEL RICE, LLP
103 Eisenhower Parkway
Roseland, NJ 07068
Telephone: 973-618-0400
Fax: 973-618-9194

*Special Litigation Counsel for MicroBilt Corporation*

In re:

MICROBILT CORPORATION, et al.

       Debtor.

MICROBILT CORPORATION,

       Plaintiff,

v.

CHEX SYSTEMS, INC., GUNSTER, YOAKLEY &
STEWART, P.A., and DAVID M. WELLS,

       Defendants.

Case No. 11-18143

Judge: Honorable Michael B. Kaplan

Chapter 11

**Adv. No.: 12-01177-MBK**

**PLAINTIFF MICROBILT CORPORATION'S MEMORANDUM OF LAW IN
REPLY TO DEFENDANTS' OPPOSITION TO MICROBILT'S MOTION FOR LEAVE
TO AMEND**

Plaintiff MicroBilt Corporation ("MicroBilt"), by and through the undersigned counsel, Robert H. Solomon and Greg M. Kohn of Nagel Rice, LLP, respectfully submits this memorandum of law in reply to Defendants, Chex Systems Inc.'s ("Chex") and Gunster, Yoakley & Stewart, P.A.'s, and David M. Wells' (the "Gunster Defendants") opposition to MicroBilt's Motion for Leave to Amend.[1]  For the reasons set forth herein, the Motion should be granted.

LEGAL ARGUMENT

Chex's opposition brief misconstrues the standards governing a motion for leave to amend and improperly asks this court to grant it summary judgment on MicroBilt's proposed amended claims.  Motions to amend pleadings should be liberally granted.  See Federal Rule of Civil Procedure 15(a)(2).  There are no equitable considerations that would render it unjust for MicroBilt to be permitted to amend its complaint.  See Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004); Arthur v. Maersk, Inc., 434 F.3d 196, 202, 206 (3d Cir. 2006).

Chex's argues that this Court should deny our motion for leave to amend because any attempted amendment would be futile. (Chex's Br. at 4-8).  Despite Chex arguing for summary judgment, "futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997); 3 *Moore's Federal Practice* ¶ 15.08[4], at 15-80 (2d ed.1993).  In assessing

---

[1] The Gunster Defendants oppose MicroBilt's motion to ensure that MicroBilt does not seek to reassert its claims that were dismissed against the Gunster Defendants.  As stated previously to the Court, MicroBilt has no intention of re-litigating its claims against the Gunster Defendants.  Those claims were dismissed.  Our motion to amend the complaint is strictly limited to the claims against Chex.  At the time MicroBilt's motion for leave was filed an order had not been entered dismissing the claims against the Gunster Defendants.  As such, MicroBilt included those claims lest the Gunster Defendants later argue that we somehow waived our claims by not including them in the proposed amended complaint.  MicroBilt filed a motion for reconsideration regarding the dismissal of the claims against the Gunster Defendants.  If granted, we will litigate those claims.  If denied, MicroBilt will pursue its appeal rights.

"futility," the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6). Id. The proposed amended pleading must be viewed in the light most favorable to the plaintiff and should not be rejected unless it is clear that the plaintiff is not entitled to any relief thereunder. Epstein v. Township of Whitehall, 1989 WL 73741, at *2 (E.D.Pa. June 29, 1989). The court must accept as true "all well-pleaded allegations in the complaint" and must draw all inferences in the plaintiff's favor. Blaw Knox Retirement Income Plan v. White Consolidated Industries, Inc., 998 F.2d 1185, 1188 (3d Cir.1993), cert. denied 510 U.S. 1042 (1994). Leave to amend must be granted unless an "insuperable bar to relief is apparent on the face of the complaint." Altemose Construction Co. v. Atlantic, Cape May and Parts of Burlington, Ocean and Cumberland Counties Bldg. Trades Council, 493 F.Supp. 1181, 1183 (D.N.J.1980); In re Quality Botanical Ingredients, Inc., 249 B.R. 619, 630 (Bankr. D.N.J. 2000). MicroBilt's proposed Amended Complaint would not be futile and, indeed, would withstand a Rule 12(b)(6) Motion.

Chex incorrectly attempts to argue for summary judgment on MicroBilt's proposed amended claims. As set forth above, the amended claims are looked at under a Rule 12(b)(6) standard and it is not required that the parties "engage in the equivalent of substantive motion practice upon the proposed new claims." Cooper v. Ficarra, 1997 WL 587339, at *3 (E.D.Pa. Sept.12, 1997). It is only necessary that the newly asserted claims appear to be sufficiently well-grounded in fact or law so as not to be frivolous. Id. MicroBilt's claims undoubtedly meet this standard as the claims are not frivolous and are grounded in law and fact.

Moreover, under "the liberal pleading standard applied to the amendment of pleadings, courts place **a heavy burden** on opponents who wish to declare a proposed amendment futile." Pharmaceutical Sales and Consulting Corp. v. J.W.S. Delavau Co., Inc., 106 F.Supp.2d 761, 765

3

(D.N.J.2000)(emphasis added). Chex cannot sustain this heavy burden because its arguments fail to raise any issue that would result in MicroBilt's amended claims being dismissed under a Rule 12(b)(6) motion. Chex's arguments only superficially address any alleged futility and instead wrongly focus on substantive summary judgment issues that have no bearing on the current motion.

Further, allowing amendments to correct errors in existing pleadings furthers the objectives of the federal rules that cases should be determined on their merits. See 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 1474 (1990). Here, much like a Rule 12(b)(6) motion, MicroBilt seeks to replead the Complaint by removing the references to the Resale Agreement because the Resale Agreement has no bearing on Chex's liability to MicroBilt for its tortious interference in MicroBilt's business. MicroBilt should be granted leave to amend because leave shall be freely given when justice so requires. See Federal Rule of Civil Procedure 15(a)(2).

### I. MicroBilt's Proposed Amended Complaint is Not Futile

Here, MicroBilt's proposed amended complaint is not futile because it sufficiently pled its causes of action against Chex. Chex argues that MicroBilt does not state a basis for why the information disclosed by Chex was confidential and that MicroBilt fails to properly plead tortious interference. Chex's arguments are misplaced and meritless. Contrary to Chex's suggestion that unless MicroBilt can establish that the information disclosed was confidential, this is somehow fatal to MicroBilt's claims, MicroBilt does not need to establish that the information disclosed was "confidential" in order to succeed on its tortious interference claims.

Moreover, Chex raises for the first time in its opposition papers that MicroBilt's causes of action fail to state a claim. Chex never asserted in response to MicroBilt's Complaint that

MicroBilt failed to state a claim. In fact, despite filing a Rule 12(b)(6) motion in MicroBilt v. Chex and Fidelity National Information Services, Inc. (12-01167) (hereinafter the "Other Adversary Proceeding"), Chex did not file one in this action and only served its Answer. Based on Chex's actions, it is hard to accept Chex's new position that MicroBilt's proposed amended complaint is deficient when it is substantially similar to the unchallenged Complaint.

Chex's opposition brief only addresses MicroBilt's tortious interference with economic advantage claims (Counts III and IV of the proposed amended complaint). It ignores MicroBilt's tortious interference with contract claims (Counts I and II of the proposed amended complaint). In ignoring MicroBilt's tortious interference with contract claims, Chex concedes that MicroBilt sufficiently pled those claims in its proposed amended complaint. Even though Chex did not address this issue, it is clear that MicroBilt's claims for tortious interference with contract are not futile. In order to succeed on its tortious interference with contract claims (Counts I and II of the proposed amended complaint), MicroBilt need only show that: (1) a valid contract exists; (2) the third party had knowledge of the contract; (3) "the third party intentionally and improperly procured the breach of the contract;" and (4) the plaintiff sustained damages as a result of the breach. See Marks v. Struble, 347 F. Supp. 2d 136, 144 (D.N.J. 2004). It is undisputed that MicroBilt had contracts with its end users and that Chex had knowledge of the contracts because it received copies of those contracts. MicroBilt clearly alleges that Chex intentionally and improperly caused MicroBilt's end users to terminate their contracts with MicroBilt by, amongst other things, publishing MicroBilt's customer list and pricing terms, and that MicroBilt suffered damages as a result. See Counts I and II of the proposed amended complaint. Nowhere is it required that MicroBilt establish or prove that the information disclosed was "confidential" as Chex suggests. This argument is nothing but an attempt to distract the Court from MicroBilt's

5

well-pled amended claims. As such, granting MicroBilt leave to amend and assert these counts would not be futile.

To plead tortious interference with prospective economic advantage claims (Counts III and IV of the proposed amended complaint), MicroBilt need only show: (1) that plaintiff had a reasonable expectation of an economic benefit or advantage; (2) that defendant knew of plaintiff's expectancy; (3) that defendant wrongfully and intentionally interfered with this expectancy; (4) a reasonable probability that but for defendant's wrongful interference, plaintiff would have realized the economic benefit; and (5) that plaintiff was injured as a result of defendant's conduct. See Printing Mart–Morristown v. Sharp Electronics Corp., 116 N.J. 739, 751–52 (1989). Counts III and IV are not futile for the same reasons set forth above. MicroBilt had a reasonable expectation of an economic benefit by obtaining new customers. Chex wrongfully and intentionally interfered with MicroBilt's reasonable expectation of obtaining new customers by, amongst other things, publishing MicroBilt's customer list and pricing terms. Again, nowhere is it required that MicroBilt establish the confidentiality of the information disclosed by Chex. As a result of those actions, MicroBilt was damaged.[2] As such, granting MicroBilt leave to amend and assert these counts would not be futile.

## II. Chex Improperly Seeks Summary Judgment In Opposition To MicroBilt's Motion For Leave To Amend

Chex's final argument is that MicroBilt's claims would be futile because they are barred by the litigation privilege. This argument is devoid of merit because Chex is asking that this Court grant it summary judgment. Chex's misplaced reliance on the litigation privilege has no

---

[2] Chex argues that MicroBilt needs to specifically identify the customers lost for its tortious interference with prospective economic advantage claims. Chex relies on this Court's ruling in the Other Adversary Proceeding. Although this Court has already determined that the Other Adversary Proceeding is not law of the case, MicroBilt is willing to provide such information when it files its amended complaint if the Court so orders, although that information will be readily available and produced to Chex once discovery is conducted.

bearing on whether or not MicroBilt should be granted leave to amend. Chex is trying to fit a square peg into a round hole in an attempt to shortcut the litigation process. Chex seeks a substantive legal determination that it has never raised before even though it had the opportunity to do so in its prior motion to compel arbitration and dismiss. Chex chose not to. Chex's brief in opposition to MicroBilt's motion for leave to amend is not the proper forum for its litigation privilege argument. As Chex is well aware, the Gunster Defendant's sought <u>summary judgment</u> based on the litigation privilege. Despite this, Chex attempts to argue that this determination can be made on a motion to dismiss. Chex is clearly misguided.

Further, as set forth above, on a motion to amend, the Court cannot undertake a summary judgment analysis. Rather, the Court must view the motion to amend liberally and all that is required is that the newly asserted claims appear to be sufficiently well-grounded in fact or law that they are not frivolous. <u>Cooper</u>, 1997 WL 587339, at *3. Chex does not even allege that MicroBilt's claims are frivolous. Despite Chex's attempt to argue otherwise, the issue is not whether MicroBilt will ultimately prevail but whether MicroBilt is entitled to offer evidence to support the claims. See <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974); <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1420 (3d Cir. 1997). MicroBilt is surely entitled to offer evidence to support its proposed amended claims. Chex will have every opportunity once MicroBilt files its amended complaint to take any action it deems necessary at that time. However, Chex's belief that the litigation privilege may apply is not determinative of MicroBilt's ability to amend its complaint.

### III. <u>MicroBilt's Motion To Amend Is Not Sought In Bad Faith</u>

Chex's argument that MicroBilt acted in bad faith in seeking to amend its complaint fails. MicroBilt first sought leave to amend as part of the briefing in the recent motions filed by Chex

and the Gunster Defendants. The Court in its opinion directed MicroBilt to file a motion if it sought to amend its complaint. Chex does not contest this fact. In fact, Chex admits in its opposition to MicroBilt's motion for reconsideration of the Court's May 20, 2013 Order that the Court directed MicroBilt to file its motion for leave to amend. Yet, Chex ignores that fact in its opposition to this motion and instead disingenuously argues that MicroBilt's actions were taken in bad faith when MicroBilt was only following this Court's direction in filing a motion to amend. Moreover, MicroBilt filed its motion for leave to amend **prior to** the Court entering its order on Chex's motion to compel.

The case law cited by Chex is inapposite. The cases relied upon by Chex all deal with a plaintiff's abandonment of a claim that it seeks to reassert.[3] That is not the case here. MicroBilt is seeking to amend its complaint to remove any perceived reference to the Resale Agreement. For example in Wimm v. Jack Eckerd Corp., the court denied the plaintiff's motion to amend because "it appear[ed] that the amendment sought would be futile as the amount of cough syrup given to decedent has been thoroughly investigated and the determination made that decedent did not receive a toxic dose of the cough syrup." Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139-40 (5th Cir. 1993). This is in no way factually similar to MicroBilt's motion.

The determination of whether there is bad faith justifying denial of a motion for leave to amend is closely related to the question of whether there is undue delay. The Third Circuit has held that "the question of bad faith requires that we focus on the plaintiffs' motives for not amending their complaint to assert this claim earlier." J.E. Mamiye & Sons, Inc. v. Fidelity Bank, 813 F.2d 610, 614 (3d Cir. 1987). MicroBilt filed this motion as directed by the Court in its May 20, 2013 Opinion. Under these circumstances, courts have refused to find bad faith. See Trueposition, Inc. v. Allen Telecom, Inc., 2002 WL 1558531, *2 (D. Del. July 16, 2002)

---

[3] Also, the cases cited by Chex are non-binding as none of them are Third Circuit cases.

(granting motion to amend and finding no bad faith where motion was timely filed in accordance with pleading deadlines imposed by the court).

MicroBilt did not unduly delay in filing its motion to amend. In fact, Chex has not even asserted the re-pleading of MicroBilt's claims will cause any delay or any prejudice to Chex. Unlike the majority of cases, MicroBilt is not seeking to add new claims, but only seeking to re-plead the current counts. Because MicroBilt is only re-pleading the current causes of action against Chex, Chex is already aware of MicroBilt's claims against it. There is nothing new that would be a surprise to Chex or cause any prejudice. Moreover, contrary to Chex's argument that the time to amend somehow expired, Rule 15 does not establish a time restriction for amending a complaint, and motions to amend have been allowed at different stages of litigation. *Federal Practice and Procedure: Civil 2d* at § 1488. The rationale behind the policy is that "the need to amend may not appear until after discovery has been completed or testimony has been taken at trial." Id. Here, discovery has not begun and no order was entered specifying a date certain to amend the pleadings. As such, MicroBilt has not acted in bad faith in seeking to amend its complaint.

## CONCLUSION

For the foregoing reasons, MicroBilt's motion for leave to amend should be granted.

                              Respectfully submitted,

                              s/ Greg M. Kohn

                              GREG M. KOHN

Dated: July 1, 2013