**UNITED STATES BANKRUPTCY
COURT DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-2(c)

Bruce H. Nagel, Esq.
Robert H. Solomon, Esq.
Greg M. Kohn, Esq.
NAGEL RICE, LLP
103 Eisenhower Parkway
Roseland, NJ 07068
Telephone: 973-618-0400
Fax: 973-618-9194

*Special Litigation Counsel for MicroBilt Corporation*

_____

In re:

MICROBILT CORPORATION, et al.

                              Debtor.

_____

MICROBILT CORPORATION,

                              Plaintiff,

v.

CHEX SYSTEMS, INC., GUNSTER, YOAKLEY &
STEWART, P.A., and DAVID M. WELLS,

                              Defendants.

Case No. 11-18143

Judge: Honorable Michael B. Kaplan

Chapter 11

**Adv. No.: 12-01177-MBK**

.

**PLAINTIFF MICROBILT CORPORATION'S MEMORANDUM OF LAW IN
REPLY TO GUNSTER, YOAKLEY & STEWART, P.A.'S AND DAVID M. WELLS'
OPPOSITION TO MICROBILT'S MOTION FOR RECONSIDERATION**

Plaintiff MicroBilt Corporation ("MicroBilt"), by and through the undersigned counsel, Robert H. Solomon and Greg M. Kohn of Nagel Rice, LLP, respectfully submits this memorandum of law in reply to Gunster, Yoakley & Stewart, P.A.'s, and David M. Wells' (the "Gunster Defendants") opposition to MicroBilt's motion for reconsideration.

Reconsideration is properly granted where the Court overlooked determinative facts or case law previously presented to the Court. See Gutierrez v. Ashcroft, 289 F. Supp. 2d 555, 561 (D.N.J. 2003). Contrary to the Gunster Defendants' arguments, the Court overlooked determinative law in ruling that the litigation privilege was applicable to the Gunster Defendants' improper disclosure of MicroBilt's proprietary and confidential trade secrets. This Court overlooked determinative law that finds that the interest in protecting proprietary trade secrets is greater than the interest in guaranteeing access to the courts through the litigation privilege. This Court incorrectly relied on the cases cited by the Gunster Defendants even though none of those cases dealt with the application of the litigation privilege to trade secrets while overlooking law from other courts that have specifically addressed trade secrets in the context of the litigation privilege.

The litigation privilege should not extend to the voluntary disclosure of trade secrets in judicial pleadings. See Wentland v. Wass, 126 Cal. App. 4th 1484, 1492 (2005) ("The Legislature has codified this exception to the litigation privilege; the privilege does not apply to unauthorized disclosures of trade secrets."); see also Cal. Civ. Code Section 3426.11 (the voluntary, intentional disclosure of trade secrets to a competitor or potential competitor in the course of a judicial proceeding is not subject to the litigation privilege). California has set forth the model when it comes to the interplay between the litigation privilege and the disclosure of trade secrets. California has found that applying the litigation privilege to the disclosure of trade

secrets would lead to unintended but harmful consequences. In deciding to expressly exempt trade secret disclosure from the litigation privilege, the California legislature determined that the interest in protecting proprietary trade secrets is greater than the interest in guaranteeing access to the courts. See Flatley v. Mauro, 39 Cal. 4th 299, 324 (2006) (the purpose of the litigation privilege is to guarantee access to the courts).

The reasoning behind this is if parties are afforded the protection of the litigation privilege, this will encourage the publication of trade secrets in legal filings because there is no fear of legal repercussion. Parties could easily circumvent trade secret laws by disclosing confidences in a complaint, rather than disclosing them directly to a third party. Once a trade secret is disclosed, it would fall in the public domain where its status as a secret would be irretrievably destroyed. See Ruckelshaus, 467 U.S. 986, 1011, 104 S.Ct. 2862, 81 L.Ed.2d 815 (1984) ("Once the data that constitute a trade secret are disclosed to others, or others are allowed to use those data, the holder of the trade secret has lost his property interest in the data.").

In rending its opinion, this Court overlooked that other courts have found that the litigation privilege does not provide a defense to the disclosure of confidential information. By immunizing the willful disclosure of trade secrets this Court is *encouraging* the disclosure of trade secrets in public court filings. Clearly, this could not have been intended. Yet, application of the litigation privilege to the voluntary disclosure of trade secrets would likely have that unintended effect. Moreover, a finding by this Court that the litigation privilege is not applicable to the Gunster Defendants' conduct would by no means prevent access to the courts because Chex's lawsuit against CL Verify, LLC could have been filed without the attachment of the invoices containing MicroBilt's trade secrets.

Further, Florida has the same strong interests as California in protecting the public disclosure of proprietary information under the FUTSA. Florida Courts strongly protect from disclosure, information which if obtained by a competitor, could adversely affect a party's business. See Westchester Gen. Hosp., Inc. v. Dep't of Health, Ed. & Welfare, 434 F. Supp. 435, 440 (M.D. Fla. 1977); Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dunn, 191 F. Supp. 2d 1346, 1354 (M.D. Fla. 2002). As such, trade secrets should be afforded the same protection in Florida as is given in California.

Based upon the foregoing, it is respectfully requested that MicroBilt's motion for reconsideration be granted, the Gunster Order be vacated, and the Gunster Defendants' motion for summary judgment be denied.

## CONCLUSION

For the foregoing reasons, MicroBilt's motion for reconsideration should be granted.

Respectfully submitted,

s/ Greg M. Kohn

GREG M. KOHN

Dated: July 1, 2013