**UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-2(c)

Bruce H. Nagel, Esq.
Robert H. Solomon, Esq.
Greg M. Kohn, Esq.
NAGEL RICE, LLP
103 Eisenhower Parkway
Roseland, NJ 07068
Telephone: 973-618-0400
Fax: 973-618-9194

*Special Litigation Counsel for MicroBilt Corporation*

_____

In re:

MICROBILT CORPORATION, et al.

                     Debtor.

_____

MICROBILT CORPORATION,

                     Plaintiff,

v.

CHEX SYSTEMS, INC., GUNSTER, YOAKLEY & STEWART, P.A., and DAVID M. WELLS,

                     Defendants.

Case No. 11-18143

Judge: Honorable Michael B. Kaplan

Chapter 11

**Adv. No.: 12-01177-MBK**

**PLAINTIFF MICROBILT CORPORATION'S MEMORANDUM OF LAW IN REPLY TO CHEX SYSTEMS INC.'S OPPOSITION TO MICROBILT'S MOTION FOR RECONSIDERATION OF THE COURT'S MAY 20, 2013 ORDER**

Plaintiff MicroBilt Corporation ("MicroBilt"), by and through the undersigned counsel, Robert H. Solomon and Greg M. Kohn of Nagel Rice, LLP, respectfully submits this memorandum of law in reply to Chex Systems, Inc.'s ("Chex") opposition to MicroBilt's Motion for Reconsideration of the Court's May 20, 2013 Order granting in part Chex's motion to compel arbitration (the "Chex Order"). This Court should reconsider and vacate the Chex Order and allow MicroBilt's claims to proceed in this forum, where they belong.

Reconsideration is properly granted where the Court overlooked determinative facts or case law previously presented to the Court. See Gutierrez v. Ashcroft, 289 F. Supp. 2d 555, 561 (D.N.J. 2003). Contrary to Chex's arguments, the Court overlooked determinative law in dismissing Counts IV-VII and sending those counts to arbitration.

Chex asserts that the appropriate means of addressing MicroBilt's argument that this Court erred in not granting MicroBilt's request to amend as part of Chex's motion to compel arbitration should be in MicroBilt's pending motion for leave to amend and not on reconsideration. Chex's position is disingenuous. In its opposition to MicroBilt's motion for leave to amend, Chex argues that leave to amend should be denied because MicroBilt sought leave in bad faith since its claims had already been dismissed. Yet, in opposition to this motion, Chex argues that the Court explicitly directed MicroBilt to file its motion for leave to amend, which cannot give rise to bad faith. Chex cannot have it both ways. By only addressing MicroBilt's request to amend on MicroBilt's motion for leave, MicroBilt would be prejudiced because by the time that motion was filed, this Court had dismissed MicroBilt's (giving rise to Chex's baseless bad faith argument) while if MicroBilt's request to amend was addressed as part of this reconsideration motion none of MicroBilt's claims have been dismissed. This is precisely why this Court erred in not granting MicroBilt leave to amend prior to ruling on Chex's motion

to compel arbitration because by requiring a motion to be filed, the Court created unnecessary procedural issues. As such, this Court overlooked that leave to amend should be freely given when it denied MicroBilt's request to amend in its briefing on Chex's motion to compel arbitration. Therefore, reconsideration should be granted to permit MicroBilt leave to amend its complaint and the Chex Order should be vacated.

In dismissing Counts II-VII of MicroBilt's Complaint against Chex in favor of arbitration, this Court overlooked determinative law and facts. Contrary to Chex's arguments, this Court needs to correct a clear error in fact that will result in a manifest injustice to MicroBilt. Respectfully, this Court made a factual error in determining that MicroBilt's claims relied on the Resale Agreement when the facts do not support that determination. MicroBilt alleged that "By providing Gunster and Wells with MicroBilt's list of end users, terms of pricing, frequency and volume of sales, and other proprietary and confidential information, Chex intentionally and unjustifiably interfered with the business relationship between MicroBilt and each of its end users." See Complaint at ¶¶ 65 and 74 (¶74 differs from the quoted language above in that it begins "By publishing MicroBilt's…"). MicroBilt also relied upon Chex's "disclosure of MicroBilt's list of end users, terms of pricing, frequency and volume of sales, and other proprietary and confidential information [that] caused MicroBilt's actual and potential clients to engage others to service them rather than MicroBilt" and not Chex's disclosure of "Confidential Information" as defined in the Resale Agreement. See Complaint at ¶¶ 82 and 89. MicroBilt did not rely on the definition of "Confidential Information" in the Resale Agreement to plead its tortious interference claims. The Court's finding that MicroBilt did is clearly an error of fact that must be corrected. Thus, MicroBilt's motion for reconsideration should be granted and the Chex Order should be vacated.

Chex does not even address in its opposition MicroBilt's argument regarding the Court's deadline for MicroBilt to file arbitration. Chex therefore concedes that MicroBilt should not be bound to file arbitration by a date certain. As such, the Court erred by arbitrarily setting a statute of limitations for MicroBilt's claims and requiring MicroBilt to file those claims by a date certain or be barred from bringing them. Respectfully, this clear error of law should be corrected. It is therefore respectfully requested that the Court modify the arbitration paragraph of the Chex Order to clarify that if MicroBilt chooses not to file arbitration by a date certain it is not barred from bringing those claims in arbitration at a later date.

## CONCLUSION

For the foregoing reasons, MicroBilt's motion for reconsideration should be granted, the Chex Order vacated, and Chex's motion to dismiss should be denied.

Respectfully submitted,

s/ Greg M. Kohn

GREG M. KOHN

Dated: July 1, 2013